In the Matter of the Claim of BESSIE WILTSE, Respondent, against THE VILLAGE OF OWEGO, Employer, and COUNTY OF TIOGA, Insurance Carrier, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 12, 1941.

*Howard W. Robison* [*Nathan Turk* of counsel], for the appellant.

*John J., Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin* and *Isaac Frank, Assistant Attorneys-General*, of counsel], for the State Industrial Board, respondent.

*Truman & Parmerton*, for the claimant, respondent.

HILL, P. J.   Claimant's deceased husband was the chief of the fire department of the village of Owego, which carried insurance

with the county of Tioga under subdivision 3-a of section 50 of the Workmen's Compensation Law. He came to his death through accidental injuries received while engaged in the course of his employment as a volunteer fireman. The county paid $3,000 to the widow and $25 a month to a minor child, under section 205 of the General Municipal Law. This appeal is taken from a decision of the Industrial Board awarding death benefits against the village of Owego, employer, and county of Tioga, insurance carrier, to the widow and son, giving credit for the $3,000 paid under section 205. The payments already made were in compliance with subdivision 3-a of section 50 of the Workmen's Compensation Law, which in part provides: " The board of supervisors of a county, by resolution, may adopt the plan, provided by this subdivision, for mutual self-insurance on the assessment plan of the county, and of such of the cities, villages and towns therein as by resolution of their governing board elect to participate, for the payment of compensation under this chapter to the employees of the county and of the several participating municipal corporations, including volunteer firemen to the limits as fixed by section two hundred and five of the General Municipal Law." It is enacted by section 205 of the General Municipal Law that in the event of the death of an active member of a volunteer fire company of an incorporated village from injuries incurred while in the performance of his duties, the sum of $3,000 shall be paid to the widow if one survive, and in addition the sum of twenty-five dollars per month for each child under the age of eighteen years, but not more than a total of fifty dollars per month for all of such children. The foregoing requirements had been fully complied with by the village and the county.

The award appealed from was made upon the theory that the decedent and his dependent widow and child come within the purview of group 19 of subdivision 1 of section 3 of the Workmen's Compensation Law, which provides: " Any municipal corporation or other political subdivision of the State or an incorporated volunteer fire company which renders fire protection service on a contract basis may bring its volunteer firemen within the coverage of this chapter by appropriate action of the legislative or governing body of such municipal corporation or other political subdivision * * * but the benefits payable under this chapter shall be only so much as the regular benefits hereunder may exceed the benefits payable under section two hundred five of the General Municipal Law." The county of Tioga adopted the plan of insurance provided by subdivision 3-a of section 50 by a resolution of its board of supervisors adopted on October 24, 1930. By a further

resolution adopted on October 10, 1938, the insurance coverage was to include "volunteer firemen of the several participating municipal corporations to the limits as fixed by Section 205 of the General Municipal Law." The trustees of the village adopted a resolution on October 6, 1930, stating that the village elected to join with the county in the plan as outlined in the above subdivision and section and that when the county adopted the plan the village "elects to participate with the County of Tioga under the provisions of the Workmen's Compensation Law of the State of New York, constituting Article 4, Sec. 50, Subd. 3-A." This was confirmed after the county board took action.

The board of supervisors by affirmative action has limited death benefits payable on account of the death of a volunteer fireman to those provided by section 205 of the General Municipal Law. The provisional inclusion of volunteer firemen under group 19 of subdivision 1 of section 3 of the Workmen's Compensation Law was effected by chapter 384 of the Laws of 1935, effective April eleventh of that year, and the above resolution of the board of supervisors of the county limiting liability was enacted in December of the same year. The village of Owego has taken no action since the earlier mentioned resolution of October 24, 1930. Thus this municipal corporation has not brought its volunteer firemen within the coverage of the Workmen's Compensation Law, and the only death benefits which may be allowed are those provided in the General Municipal Law. The Industrial Board is without power to change and modify the resolution adopted by the county and village or the obligations of those municipalities. The award appealed from was made in violation of the statutes earlier mentioned and the resolutions adopted.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

BLISS, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.